UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

A.  S. WARREN[1],                     )
                                      )
            Plaintiff,                )
                                      )
    v.                                )        Case No. 4:24-cv-69
                                      )
FRANK J. BISIGNANO[2],                )
Commissioner of Social Security,      )
                                      )
            Defendant.                )

**OPINION AND ORDER**

This matter is before the court on petition for judicial review of a decision of the

Commissioner of Social Security, filed by the plaintiff, A. S. Warren, on September 23, 2024.

[DE 1]. For the following reasons, the decision of the Commissioner is **REMANDED**.

*Background*

The plaintiff, A. S. Warren ("Warren"), filed an application for Title XVI Supplemental

Security Income in March 2021, alleging a disability onset date of January 1, 2020. (Tr. 10). The

claim was initially denied and upon reconsideration. *Id*. Warren requested a hearing in January

2022, and that hearing occurred before Administrative Law Judge ("ALJ") Deborah Giesen on

April 26, 2022. *Id*. The ALJ issued an unfavorable decision in July 2022. *Id*. The Appeals

Council denied Warren's request for review, making the ALJ's decision the final decision of the

Commissioner. Warren filed a timely complaint before this court, which remanded the case back

---

[1] To protect privacy, the plaintiff's full name will not be used in this Order.
[2] Frank Bisignano was confirmed as Commissioner on May 6, 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Frank Bisignano should be substituted as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

to the Social Security Administration ("SSA") on October 11, 2023. (Tr. 774). Warren appeared at another hearing before ALJ Giesen on May 2, 2024. On May 29, 2024, ALJ Giesen issued a second unfavorable decision. (Tr. 682). Warren timely filed this appeal.

At step one of the five-step sequential analysis for determining whether an individual is disabled, as defined in the Social Security Act, the ALJ found that Warren had not engaged in substantial gainful activity since March 8, 2021 to the end of the requested closed period, September 7, 2022. (Tr. 685).

At step two, the ALJ determined that Warren had the severe impairments of degenerative joint disease of the hips, status post left total hip arthroplasty, parkinsonism, seizure disorder, and degenerative disk disease of the lumbar spine. *Id*. The ALJ stated that these "medically determinable impairments significantly limit the ability to perform basic work activities as required by SSR 85-28." *Id.* The ALJ also noted that Warren had the following non-severe impairments: low testosterone/hypogonadism; obesity; major depressive disorder and generalized anxiety disorder; and an assortment of mental impairments. (Tr. 685-88).

At step three, the ALJ concluded that Warren did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 689-90).

Following step three, the ALJ then assessed Warren's residual functional capacity (RFC), holding as follows:

> [T]he claimant had the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except no climbing ladders, ropes or scaffolds; no working around unprotected heights or unprotected dangerous moving machinery; occasional climbing ramps and stairs, balancing, stooping, kneeling, crouching and crawling; no work on wet surfaces; no concentrated exposure to vibrations (ie., tools, work surfaces). Frequent handling and fingering bilaterally.

(Tr. 690).

At step four, the ALJ found that Warren had no past relevant work experience. (Tr. 698).

At step five, the ALJ relied on vocational testimony and found that Warren could perform a significant number of jobs which existed in sufficient numbers in the national economy, including a packer, assembler, sorter, counter clerk, information clerk, host, sorter, and packer. (Tr. 699). As a result, the ALJ found that Warren was not disabled, as defined in the Social Security Act. (Tr. 700).

## *Discussion*

The standard for judicial review of an ALJ's finding that a claimant is not disabled within the meaning of the Social Security Act is limited to a determination of whether those findings are supported by substantial evidence. 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security, as to any fact, if supported by substantial evidence, shall be conclusive."); *Moore v. Colvin*, 743 F.3d 1118, 1120–21 (7th Cir. 2014); *Bates v. Colvin*, 736 F.3d 1093, 1097 (7th Cir. 2013) ("We will uphold the Commissioner's final decision if the ALJ applied the correct legal standards and supported her decision with substantial evidence."); *Swiecichowski v. Dudek*, 113 F.4th 751, 756 (7th Cir. 2025); *Rabdeau v. Bisignano*, 155 F.4th 908, 912 (7th Cir. 2025) (quoting *Jarnutowski v. Kijakazi*, 48 F.4th 769,773 (7th Cir. 2022)). Courts have defined substantial evidence as "such relevant evidence as a reasonable mind might accept to support such a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 852 (1972) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S. Ct. 206, 217, 83 L. Ed. 2d 140 (1938)); *see Bates*, 736 F.3d at 1098. A court must affirm an ALJ's decision if the ALJ supported her findings with substantial evidence and if there have been no errors of law. *Roddy v. Astrue*, 705 F.3d 631, 636 (7th Cir. 2013) (citations omitted); *Warnell v. O'Malley*, 97

3

F.4th 1050, 1051 (7th Cir. 2024) (the substantial evidence standard of review is deferential); *see also Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021) (the court does not reweigh evidence). Yet "the decision cannot stand if it lacks evidentiary support or an adequate discussion of the issues." *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003).

Disability insurance benefits are available only to individuals who can establish a "disability" under the Social Security Act. The claimant must show that he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Social Security regulations enumerate the five-step sequential evaluation to be followed when determining whether a claimant has met the burden of establishing disability. 20 C.F.R. §§ 404.1520, 416.920. The ALJ first considers whether the claimant is employed and "doing . . . substantial gainful activity." 20 C.F.R. §§ 404.1520(b), 416.920(b). If he is, the claimant is not disabled, and the evaluation process is over. If he is not, the ALJ next addresses whether the claimant has a severe impairment or combination of impairments that "significantly limits . . . physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1520(c), 416.920(c); *see Williams v. Colvin*, 757 F.3d 610, 613 (7th Cir. 2014) (discussing that the ALJ must consider the combined effects of the claimant's impairments). Third, the ALJ determines whether that severe impairment meets any of the impairments listed in the regulations. 20 C.F.R. § 401, pt. 404, subpt. P, app. 1. If it does, then the impairment is acknowledged by the Commissioner to be conclusively disabling. However, if the impairment does not so limit the claimant's remaining capabilities, the ALJ reviews the claimant's "residual functional capacity" and the physical and mental demands of his past work. If, at this fourth step, the claimant can

perform his past relevant work, he will be found not disabled. 20 C.F.R. §§ 404.1520(e), 416.920(e). That said, if the claimant shows that his impairment is so severe that he cannot engage in her past relevant work, then the burden of proof shifts to the Commissioner to establish that the claimant, considering his age, education, job experience, and functional capacity to work, is able to perform other work and that such work exists in the national economy. 42 U.S.C. § 423(d)(2); 20 C.F.R. §§ 404.1520(f), 416.920(f); *see Biestek v. Berryhill*, 139 S. Ct. 1148 (2019) (upon the disability benefits applicant's request, vocational expert's refusal to provide the private market-survey data underlying his opinion about job availability does not categorically preclude the expert's testimony from counting as "substantial evidence" but, instead, the inquiry is case-by-case).

Warren has requested that the court reverse and remand this case with an order for a favorable decision or a third administrative hearing with a new ALJ. [DE 17]. In his appeal, Warren argues two claims: the ALJ again failed to provide a logical explanation for dismissing the agency's physical consultative examiner's result; and the ALJ failed to provide explanation for dismissing the opinion of the agency's psychological consultative examiner.

1. **The ALJ failed to appropriately articulate why Dr. Luella Bangura's medical opinion contradicted the evidence.**

This court previously found the ALJ's analysis of Dr. Bangura's opinion to be "halfhearted at best." (Tr. 780). Specifically, the court took issue with the way in which the ALJ merely stated that the record did not support Dr. Bangura's suggested limitations:

> The ALJ noted that Dr. Bangura found that Adrian W. "[had] no difficulty hearing or speaking, [had] no issues with sight, [had] no limitations understanding directions, and show[ed] difficulty with sustained concentration and with persistence, memory, working with others and with social interactions." (Tr. 23). According to the ALJ, there were no exam findings in the record or in Dr. Bangura's exam to support the extreme limitations she suggested. (Tr. 23). Ultimately, the

5

ALJ found that Dr. Bangura's opinion was not persuasive because it was "based on a one-time exam" and was "not consistent with the longitudinal record." (Tr. 23)

(Tr. 780). The court then compared Dr. Bangura's statements with the ALJ's summary of other evidence. The court had not weighed any evidence in making the determination that the ALJ had "failed to build a logical bridge from the evidence in Dr. Bangura's report to her conclusion that Dr. Bangura's opinion was unpersuasive." (Tr. 781). The court found the ALJ's decision to credit her own lay interpretation of Dr. Bangura's opinion and of the record superior to Dr. Bangura's testimony, which incorporated years of medical training and practice, improper. *Id.*

Contrary to the previous orders, ALJ Giesen also found Dr. Bangura's opinion unpersuasive on remand. (Tr. 697). An ALJ is free to determine that a claimant's alleged impairments are not supported by the medical and nonmedical evidence. 20 C.F.R. § 416.920c(b)(2), (c)(1)-(2) (regulatory factors of supportability and consistency are the most important factors ALJs consider when determining persuasiveness of prior administrative medical findings). An ALJ must consider all medical opinions and, even though the ALJ is not required to address each piece of evidence, a logical bridge between the evidence and conclusions is necessary. 20 C.F.R. § 404.1527(b,c); *Roddy v. Astrue*, 705 F.3d 631, 636 (7th Cir. 2013); *Rabdeau*, 155 F.4th at 913 (quoting *Denton*, 596 F.3d at 425). An ALJ must meet the "most minimal" articulation requirement, highlighting specific evidence that contradicted medical opinions and grappling with conflicting evidence. *Warnell*, 97 F.4th at 1054. The ALJ relied upon Dr. Bangura's credentials, rather than evidence, which does not satisfy the minimal articulation standard.

The court is not persuaded that the ALJ's statement, "Dr. Bangura is an internal medicine doctor," is a logical reason to find her opinion contradicted by the record. (Tr. 697). Dr. Bangura is, in fact, a medical expert retained by the Social Security Administration, to which ALJ Giesen

reports. The ALJ also claimed that "a single examination does not necessarily establish a residual functional capacity but rather the undersigned takes a longitudinal view of the objective findings." *Id*. If ALJ Giesen meant to suggest that the medical expert opinions more often than not provide useless evidence, then the SSA should re-evaluate its process or its doctors. ALJ Giesen seemed to take issue with the qualifications of Dr. Bangura[3] as well as her one-time evaluation, which the SSA sanctioned in hiring Dr. Bangura and creating its own regulations.

The ALJ listed Dr. Bangura's opinion with other records of diagnoses, medical treatment, and follow-up appointments. (Tr. 690-98). The ALJ provided a lengthy notation, highlighting some inconsistencies between Warren's statements and the medical records. Most notably, the ALJ determined that, because Warren took two twenty-five-minute walks a day, he was capable of standing more than one hour, which Dr. Bangura opined was the maximum Warren would be able to stand in a workday. This conclusion failed to form a logical bridge from the longitudinal record, which does consist of numerous reports of Warren's imbalance, leg stiffness, affected gait, and walking aids. (Tr. 691; Tr. 692; Tr. 693). Social Security Ruling 16-3p indicates that ALJs are not bound to the findings of Agency medical experts. However, the Ruling does not permit the ALJ to discount them flippantly on practice area or the one-time analysis alone. The ALJ listed numerous reports of Warren's mobility struggles and then proceeded to state that because there also was other evidence, the other evidence was more convincing. An ALJ cannot cherry-pick evidence. *Denton v. Astrue*, 596 F.3d 419, 425 (7th Cir. 2010).

---

[3] "[A]s this Court has counseled on many occasions, ALJs must not succumb to the temptation to play doctor and make their own independent medical findings." *Rohan v. Chater*, 98 F.3d 966, 970 (7th Cir. 1996) (citing *Herron v. Shalala*, 19 F.3d 329, 334 n. 10 (7th Cir.1994); *Scivally v. Sullivan*, 966 F.2d 1070, 1076 (7th Cir. 1992); *Schmidt v. Sullivan*, 914 F.2d 117, 118 (7th Cir.1990), certiorari denied, 502 U.S. 901, 112 S.Ct. 278, 116 L.Ed.2d 230).

ALJ Giesen failed to properly address this court's direction on remand, and there was no logical bridge built for the ALJ's rejection of Dr. Bangura's opinion. Simply stating that the opinion was founded on an internal medicine background and a one-time analysis was not sufficient. While the ALJ noted many different appointments and treatments, summarizing Dr. Bangura's background without addressing the "severe abnormalities" the court previously determined was not a sufficient articulation.

Because the court finds remand appropriate on these grounds, the court need not address Warren's second argument.

## 2. The extreme remedy of ordering the SSA to assign a new ALJ is not warranted in this case.

The court can order an award of benefits only in rare cases. *Briscoe v. Barnhart*, 425 F.3d 345, 355 (7th Cir. 2005). "An award of benefits is appropriate where all factual issues have been resolved and the 'record can yield but one supportable conclusion.'" *Id*. The court declines to order an award of benefits in this case. The court orders remand because the ALJ did not adequately analyze Dr. Bangura's medical opinion, not because there are no factual issues. The ALJ failed to meet the required minimal articulation standard, failing to articulate any conflict with the medical opinion and record.

Alternatively, Warren requested a hearing before a new ALJ. The court can order the SSA to assign a new ALJ when the claimant so requests and there is some other legitimate and compelling reason. *Travis v. Sullivan*, 985 F.2d 919, 924 (7th Cir. 1993) (affirming *Lidy v. Sullivan*, 745 F.Supp 1411, 1417-18 (N.D. Ind. 1989)). A claimant is entitled to a "full and fair" hearing. *Davenport v. Astrue*, 417 Fed.Appx. 544, 546 (7th Cir. 2011).

In *Travis*, the Seventh Circuit found that the district court exceeded its authority in ordering

the SSA assign a new ALJ on remand. The Circuit focused on the fact that the claimant had not requested a new ALJ as well as the fact that 20 C.F.R. § 416.1440 provides the Secretary with authority to assign a new ALJ when proof of bias or partiality is present. *Travis*, 985 F.2d at 924. The Circuit has emphasized that there must be a demonstration of bias, such as in *Ventura* where the Circuit ordered a new ALJ be assigned when the record reflected the ALJ's conduct was unprofessional. *Ventura v. Shalala*, 55 F.3d 900, 905 (7th Cir. 1995).

A claimant's right to a "full and fair" hearing is violated if a "claimant is not offered a chance to present evidence or where the ALJ exhibits bias or animus against the claimant during a hearing." *Davenport*, 417 Fed.Appx. at 546-47. Bias is not demonstrated by a pattern of a judicial officer's rulings. There must be evidence that the officer was personally against the party, regardless of the law. *Davenport*, 417 Fed.Appx. at 547 (citing *Keith v. Barnhart*, 473 F.3d 782, 789 (7th Cir. 2007)).

The court does not find evidence of such bias in this case. Although ALJ Giesen has failed to follow this court's orders, there has been no demonstration of animus against Warren. Accordingly, the court will not order the SSA to assign a new ALJ.

### *Conclusion*

For the foregoing reasons, the decision of the Commissioner is **REMANDED**.

ENTERED this 13th day of April, 2026.

/s/ Andrew P. Rodovich
United States Magistrate Judge

9